UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | No. 3:11-CR-51 |
| V. | ) | (PHILLIPS/ SHIRLEY) |
| | ) | No. 3:11-MJ-1020 |
| | ) | (SHIRLEY) |
| JIMMY RAY BROWN | ) | |

**ORDER OF REVOCATION OF PRETRIAL
RELEASE AND DETENTION PENDING TRIAL**

This matter came before the Court on May 16, 2011, for a hearing on a Petition For Action on Conditions of Pretrial Release, [Doc. 14] in case #3:11-cr-51 and for a scheduled Detention Hearing in case #3:11-mj-1020 and, as well as, a scheduled Preliminary Hearing for Thursday, May 19, 2011 @ 11:00. Kelly Ann Norris was present representing the government and Bradley L. Henry was present representing the defendant. The defendant was also present. Before the detention hearing began, counsel for the defendant stated that the defendant wished to waive his right to a detention hearing in case #3:11-mj-1020 at this time, and reserve the right to have a hearing at a later date, if appropriate. Pursuant to the defendant signing a Waiver of Detention Hearing, the defendant is to be detained. 18 U.S.C. § 3142(f)(2)(B). The government stated they had no objections. The defendant was present and stated that he knew he would remain in jail pending trial. For good cause, and by agreement of the defendant, this detention hearing

is waived and the defendant is detained. Counsel for the defendant also stated the defendant wished to waive his right to a preliminary hearing in case #3:11-mj-1020 at this time, and reserve the right to have a hearing at a later date, if appropriate. Therefore, the Preliminary Hearing scheduled for Thursday, May 19, 2011 @ 11:00 in case #3:11-mj-1020 is **CANCELLED.**

On April 27, 2011, the Defendant in case #3:11-cr-51 was released on a personal recognizance bond with an Order Setting Conditions of Release, [Doc. 8]. The conditions of the Defendant's release required that he: avoid all contact, directly or indirectly, with any person who is or may become a victim or potential witness in the subject investigation; The defendant must not violate any federal, state or local law while on release; the defendant refrain from any use or unlawful possession of a narcotic drug or other controlled substance unless prescribed by a licensed medical practitioner, and submit to any method of testing required by the United States Probation Officer for determining whether the defendant is using a prohibited substance. The Court questioned the defendant and the defendant admitted his violations of these Conditions in his Conditions of Release, [Doc. 14]. The defendant acknowledged that he was aware that his release would be revoked and he would be held in custody pending the trial of his case.

The Court finds that pursuant to 18 U.S.C. §3148 that there is clear and convincing evidence the defendant has violated his conditions of release. The Court further finds that there is no set of conditions that can be placed on the defendant which

will reasonably assure the safety of the community, and that the defendant is unlikely to abide by any condition or combination of conditions of release.

The Court finds that there is good cause to revoke the Defendant's release. Therefore, in case #3:11-cr-51 the **Order Setting Conditions of Release [Doc. 14]** is hereby **REVOKED** and the defendant is remanded to the custody of the United States Marshal pending his trial. His personal recognizance bond in case #3:11-cr-51 is hereby **CANCELLED**.

For good cause shown, the defendant's request not to contest, and to waive the detention hearing case is hereby GRANTED.

It is therefore ORDERED that:

(1)  Defendant be detained;

(2)  Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(3)  Defendant be afforded reasonable opportunity for private consultation with counsel; and

(4)  On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States marshal for the purpose of an appearance in connection with any court proceeding.

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge